**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| BURTON HIRSCHMAN, as Executor of the Estate of Steven Hirschman, on behalf of himself and all others similarly situated, | Civil Case No.:_____ |
| *Plaintiff(s),* | **CIVIL ACTION** |
| | **CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |
| -*against*- | |
| SHARKEY & CAMPISI;  and JOHN DOES 1-25, | |
| *Defendant(s).* | |

Plaintiff, BURTON HIRSCHMAN, as Executor of the Estate of Steven Hirschman, on behalf of himself and all others similarly situated (hereinafter "Plaintiff") by and through his undersigned attorneys, alleges against the above-named Defendants: SHARKEY & CAMPISI. ("sharkey"); and JOHN DOES 1-25, their employees, agents, and successors (collectively "Defendants") the following:

**LOCAL CIVIL RULE 10.1 STATEMENT**

1.      The mailing addresses of the parties to this action are:

BURTON HIRSCHMAN
714 Sunderland Road
Teaneck, New Jersey 07666

SHARKEY & CAMPISI
188 Eagle Rock Avenue
Roseland, New Jersey 07068

**PRELIMINARY STATEMENT**

2.      Plaintiff brings this action for damages and declaratory relief arising from the Defendants' violation of 15 U.S.C. § 1692 *et seq*., the Fair Debt Collection Practices Act

(hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331.  This is an action for violations of 15 U.S.C. § 1692 *et seq*.

4.      Venue is proper in this district under 28 U.S.C. §1391(b)(2) because the acts of the Defendants that give rise to this action, occurred in substantial part, in this district.

5.      More specifically, the collection letter sent by Defendants was mailed to Teanck, New Jersey.

## DEFINITIONS

6.      As used in reference to the FDCPA, the terms "creditor," "consumer," "debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## PARTIES

7.      The FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits certain debt collection practices provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

8.      Plaintiff is a natural person residing in Bergen County, New Jersey, and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

9.      SHARKEY is a law firm with offices located at 188 Eagle Rock Avenue, Roseland, New Jersey 07068.

10.     Upon information and belief, SHARKEY uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

11.     SHARKEY is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692(a)(6).

12.     John Does 1-25, are fictitious names of individuals and business alleged for the purpose of substituting names of defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ACTION ALLEGATIONS

13.     Plaintiff brings this action as a state wide class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of herself and all New York consumers and their successors in interest (the "Class"), who were sent debt collection letters and/or notices from the Defendants which are in violation of the FDCPA, as described in this Complaint.

14.     This Action is properly maintained as a class action. The Class is initially defined as:

- All New Jersey consumers who were sent letters and/or notices from SHARKEY between November 13, 2019 and May 14, 2021, concerning a debt owed to another, which included the alleged conduct and practices described herein.

  The class definition may be subsequently modified or refined.

  The Class period begins one year to the filing of this Action.

17.     The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there may be hundreds and/or thousands of persons who were sent debt collection letters and/or notices from the Defendants that violate specific provisions of the FDCPA. Plaintiff is

complaining of a standard form letter and/or notice.  (*See* <u>Exhibit A</u>, except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 redacted the financial account numbers and/or personal identifiers in an effort to protect Plaintiff's privacy);

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member.  These common questions of law and fact include, without limitation:

  a.   Whether the Defendants violated various provisions of the FDCPA.

  b.   Whether Plaintiff and the Class have been injured by the Defendants' conduct;

  c.   Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

  d.   Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender.  Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.  Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages.  If Defendants' conduct is allowed to proceed without remedy, they will continue to reap and retain the proceeds of their ill-gotten gains.

- Defendants have acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## STATEMENT OF FACTS

18.    Plaintiff is at all times to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

19.    On or before November 14, 2020, Steven Hirschman incurred a financial obligation to West Caldwell Care Center ("WCCC").

20.    The WCCC obligation/debt was incurred from a personal transaction by Steven Hirschman.

21.     The WCCC obligation/debt was for Steven Hirschman's personal use.

22.     The WCCC obligation/debt did not arise from a business transaction.

23.     The WCCC obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

24.     WCCC is a "creditor" as defined by 15 U.S.C. § 1692a(4).

25.     On or before November 14, 2020, WCCC placed the WCCC debt with SHARKEY for the purposes of collection.

26.     At the time WCCC place the debt with SHARKEY said debt was past due.

27.     At the time WCCC place the debt with SHARKEY said debt was in default.

28.     On November 13, 2020, SHARKEY caused to be mailed a letter to Steven Hirschman.  A copy of said Letter is annexed hereto as Exhibit A.

29.     The November 13, 2020 letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

30.     Upon receipt, Steven Hirschman read said letter.

31.     The November 13, 2020 letter did not inform Steven Hirschman that the letter was an attempt to collect a debt and that any information obtained could be used for that purpose.

32.     Steven Hirschman passed away in March 2021.

33.     The Essex Surrogates Court of the State – issued Letters of Testamentary to Plaintiff on May 6, 2021.

34.     On May 14, 2021 SHARKEY send a letter addressed Plaintiff. A copy of said letter is annexed hereto as Exhibit B.

35.     The May 14, 2021 letter was first communication between SHARKEY and Plaintiff.

36.     The May 14, 2021 letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

37.     Upon receipt, Plaintiff read the May 14, 2021 letter.

38.     The May 14, 2021 letter stated in part:

> Please also note that if *you* provide this office with a check in the amount of $105,481.45 prior to the June 22, 2021 date for your deposition, you will be able to avoid your deposition and production of documents altogether. [emphasis added].

39.     The May 14, 2021 letter was not addressed to Plaintiff as Executor of the Estate of Steven Hirschman.

40.      The May 14, 2021 letter did not inform Plaintiff that he was not personally liable for the WCCC debt.

41.     The May 14, 2021 letter did not contain the required validation notices pursuant to 15 U.S.C. §1692g(a)(3),(4),(5).

42.     The May 14, 2021 letter did not inform Plaintiff that the letter was an attempt to collect a debt and that any information obtained could be used for that purpose.

43.     SHARKEY knew or should have known that its actions violated the FDCPA.

44.      Defendants could have taken the steps necessary to bring their actions within compliance with the FDCPA, but neglected to do so and failed to adequately review their actions to ensure compliance with the law.

## POLICIES AND PRACTICES COMPLAINED OF

45.     It is Defendants' policy and practice to send initial written collection communications, in the form annexed hereto as Exhibit A and/or Exhibit B, which violate the FDCPA, by *inter alia*:

    (a)    Using false, deceptive or misleading representations or means in connection with the collection of a debt;

    (b)    Making a false representation of the character or amount of the debt; and

    (c)    Sending written initial communications in an attempt to collect a debt, which did contain the required notices pursuant to 15 U.S.C. §1692 et seq.

46.    On information and belief, Defendants sent written communications in the form annexed hereto as <u>Exhibit A and/or Exhibit B</u>, to at least 40 natural persons in the State of New Jersey within one year of this Complaint.

## COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *et seq.* VIOLATIONS

47.    Plaintiff, on behalf of himself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

48.    Collection letters and/or notices, such as those sent by Defendants, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

49.    15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representations or means in connection with the collection of any debt.

50.    Defendants violated 15 U.S.C. § 1692e of the FDCPA by using  false, deceptive and misleading representations and means in connection with its attempts to collect debts from Plaintiff and others similarly situated.

51.    Defendants violated 15 U.S.C. § 1692e of the FDCPA in connection with its communications to Plaintiff and others similarly situated.

52.    Section 1692e(2)(A) of the FDCPA prohibits a debt collector from falsely representing the character, amount, or legal status of any debt.

53.     The May 14, 2021 letter sent by Defendants made a false representation as to the character of the debt.

54.     Defendants violated Section 1692e(2)(A) of the FDCPA by stating in the May 14, 2021 letter that "if *you* provide this office with a check in the amount of $105,481.45 prior to the June 22, 2016 date for your deposition, you will be able to avoid your deposition and production of documents altogether".

55.     The least sophisticated consumer upon reading the May 14, 2021 letter would believe that he was personally liable to pay $105,481.45 to WCCC.

56.     SHARKEY violated 15 U.S.C. §1692e(2)(A) by falsely representing the character and legal status of the debt in the May 14, 2021 letter.

57.     Plaintiff and others similarly situated, suffered an informational injury as a result of Defendants' violation of 15 U.S.C §1692e(2)(A).

58.     Plaintiff and others similarly situated, suffered a risk of economic injury as a result of Defendants' violation of 15 U.S.C §1692e(2)(A).

59.     Section 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

60.     SHARKEY violated 15 U.S.C. §1692e(10) by using a false representation and deceptive means in the May 14, 2021 letter.

61.     The May 14, 20201 letter failed to inform Plaintiff that he was not personally liable to pay the WCCC debt.

62.     SHARKEY further violated 15 U.S.C. §1692e(10) by including language in the May 14, 2021 letter, which would the lead least sophisticated consumer to believe that he was being subject to a deposition because he had not yet personally paid the WCCC debt.

63.     Plaintiff and others similarly situated, suffered an informational injury as a result of Defendants' violation of 15 U.S.C §1692e(10).

64.     Plaintiff and others similarly situated, suffered a risk of economic injury as a result of Defendants' violation of 15 U.S.C. §1692e(10).

65.     U.S.C. §1692e(11) requires the debt collector to include a statement in all communications that the debt collector is attempting to collect a debt and that any information obtained could be used for that purpose.

66.     SHARKEY violated 15 U.S.C. §1692e(11) be failing to information Steven Hirschman in the November 13, 2020 letter that it was is attempting to collect a debt and that any information obtained could be used for that purpose.

67.     SHARKEY further violated 15 U.S.C. §1692e(11) be failing to information Plaintiff in the May 14, 2021 letter that it was is attempting to collect a debt and that any information obtained could be used for that purpose.

68.     Plaintiff and others similarly situated, suffered an informational injury as a result of Defendants' violation of 15 U.S.C §1692e(11).

69.     Plaintiff and others similarly situated, suffered a risk of economic injury as a result of Defendants' violation of 15 U.S.C. §1692e(11).

70.     15 U.S.C. §1692g(a) requires a debt collector within five days after its communication with the consumer to provide in writing the following information:

> (3)     statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

> (4)     a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion

thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5)      a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

71.      SHARKEY violated 15 U.S.C. §1692g(a)(3),(4),(5) by send the May 14, 2021 letter which failed to contain the required validation notices.

72.      Plaintiff and others similarly situated, suffered a risk of economic injury as a result of Defendants' violation of 15 U.S.C. §1692g(a)(3),(4),(5).

73.      Plaintiff and others similarly situated, suffered a risk of economic injury as a result of Defendants' violation of 15 U.S.C. §1692g(a)(3),(4),(5).

74.      Congress enacted the FDCPA in part to eliminate abusive debt collection practices by debt collectors.

75.      Plaintiff and others similarly situated have a right to free from abusive debt collection practices by debt collectors.

76.      Plaintiff and others similarly situated have a right to receive proper notices mandated by the FDCPA.

77.      Plaintiff and others similarly situated were sent letters, which have the propensity to affect their decision-making with regard to the debt.

78.      Plaintiff and others similarly situated have suffered harm as a direct result of the abusive, deceptive and unfair collection practices described herein.

79.      Plaintiff has suffered damages and other harm as a direct result of Defendants' actions, conduct, omissions and violations of the FDCPA described herein.

**WHEREFORE,** Plaintiff demands judgment against CSI and CSI INTERCO as follows:

(a)     Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and the attorneys, Joseph K. Jones, Esq., as Class Counsel;

(b)     Awarding Plaintiff and the Class statutory damages;

(c)     Awarding Plaintiff and the Class actual damages;

(d)     Awarding pre-judgment interest;

(e)     Awarding post-judgment interest.

(f)     Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; and

(g)     Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

Dated: July 25, 2021

Respectfully submitted,

By:     *s/ Joseph K. Jones*
        Joseph K. Jones, Esq. (JJ5509)
        JONES, CHULSKY & KESSLER, LLC
        330 Mounts Corner Drive, Suite 417
        Freehold, NJ 07728
        Phone: (877) 827-3395
        Fax: (877) 827-3394
        *Attorneys for Plaintiff*

## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I, hereby certify that the matter in controversy is not the subject of any other court, arbitration or administrative proceeding.

Dated: July 25, 2021

*s/ Joseph K. Jones*
Joseph K. Jones, Esq. (JJ5509)
JONES, CHULSKY & KESSLER, LLC
330 Mounts Corner Drive, Suite 417
Freehold, NJ 07728
Phone: (877) 827-3395
Fax: (877) 827-3394
*Attorneys for Plaintiff*

# Exhibit

# A

# SHARKEY & CAMPISI

ATTORNEYS AT LAW
P.O. Box 419
188 Eagle Rock Avenue
Roseland, New Jersey 07068

Gregory G. Campisi
Jeffrey Campisi

Phone: 973-226-7155
Fax:    973-226-0167

Richard G. Sharkey (1965-2018)

November 13, 2020

Steven Hirschman
West Caldwell Care Center
165 Fairfield Avenue
West Caldwell, NJ 07006

Re:    West Caldwell Care Center vs. Hirschman
       Docket No. ESX-L-006181-20

Dear Mr. Hirschman:

I have received from the Clerk of the Court and enclose herewith proof of entry of default of the defendant Steven Hirschman for failure to plead or otherwise defend the Complaint with regard to the above-referenced matter.

Very truly yours,

SHARKEY & CAMPISI
Attorneys for Plaintiff

By: _____
       Gregory G. Campisi

GGC:PCR

Enclosure

WCCC-Hirschman-Steven ltr 111320

# Exhibit

# B

# SHARKEY & CAMPISI
## ATTORNEYS AT LAW
P.O. Box 419
188 Eagle Rock Avenue
Roseland, New Jersey 07068

Gregory G. Campisi
Jeffrey Campisi

Phone: 973-226-7155
Fax:   973-226-0167

Richard G. Sharkey (1965-2018)

May 14, 2021

**<u>CERTIFIED MAIL-RRR & REGULAR MAIL</u>**

Burton Hirschman
714 Sunderland Road
Teaneck, NJ  07666

        Re:    <u>West Caldwell Care Center v. Steven Hirschman</u>
                   Docket No. ESX-L-006181-20

Dear Mr. Hirschman:

As you know, a legal judgment was previously obtained against Steven Hirschman in favor of West Caldwell Care Center in the sum of $105,481.45. In order to collect on that judgment, I have enclosed herewith a Notice to Take Deposition in Aid of Judgment pursuant to Rule 4:59-1(f) with regard to the above-referenced matter. That Notice requires you to appear, via Zoom, for deposition on Tuesday, June 22, 2021 at 10:00 a.m. and to produce the documents referenced on Schedule A of that Notice on or before the close of business on Friday, June 18, 2021. Upon your receipt of this letter, please call me at 973-226-7155 to discuss the same.

Please note that if you fail to appear at the date and time referenced above or fail to produce the required documents, we will have no choice but to file an application with the Court to impose sanctions against you or to hold you in violation of the New Jersey Rules of Court.

Please also note that if you provide this office with a check in the amount of $105,481.45 prior to the June 22, 2021 date for your deposition, you will be able to avoid your deposition and production of documents altogether. I caution you against attempting to sell your father's house or transferring any of his assets to you without first satisfying the aforementioned judgment in full, which could give rise to claims against you pursuant to the New Jersey Fraudulent Conveyance Act, N.J.S.A. 25:2-25 et seq., amongst other claims.

1

Please be guided accordingly.  I look forward to hearing from you.

Very truly yours,

SHARKEY & CAMPISI
Attorneys for West Caldwell Care Center

By: _____
        Gregory G. Campisi

GGC:PCR

Enclosure

WHCC-Hirschman-Burton Hirschman ltr 051421